Filed 10/26/21  P. v. Escamilla CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br>v.<br>JUAN ESCAMILLA,<br><br>        Defendant and Appellant. | A161241<br><br>(Alameda County<br>Super. Ct. No. 137540) |

Appellant Juan Escamilla appeals from the trial court's denial of his motion under Penal Code section 1473.7[1] to vacate his 1999 conviction for felony willful infliction of corporal injury to a spouse (§ 273.5, subd. (a)).  He contends that his conviction is legally invalid because he was inadequately informed of potential adverse immigration consequences when he pled guilty to the offense.  However, the record reveals that he is a natural born United States citizen.  Failing to establish any entitlement to relief, we affirm.

## I.  FACTUAL AND PROCEDURAL BACKGROUND[2]

On the morning of November 8, 1999, appellant's then-spouse, G.O., received a telephone call from a friend.  When she completed the call,

---

[1] All undesignated statutory references are to the Penal Code.

[2] The factual background is taken from the probation report filed on March 7, 2000.

1

appellant began arguing with her about receiving phone calls at their house. During the argument, he grabbed an extension cord and began striking G.O. with it, hitting her numerous times on her legs, upper arms, back and hands. He then ordered her to call her friend and tell her never to call again. During the call, G.O. told her friend that appellant had hit her and would not let her leave the house. G.O.'s friend came to the house and observed appellant holding her by the neck with his hand over her mouth. The friend called the police.

Appellant was arrested and later pled guilty to violating section 273.5, subdivision (a), admitting that he had used a deadly weapon and had inflicted great bodily injury. At the plea hearing, he was asked if he understood that entering a guilty plea to the charges "could affect [his] immigration status." After he answered, "No," the trial court explained: "What that means is this …, if you were not a citizen of the United States, the entry of your plea of guilty today and the admission of the enhancement allegations could cause one or more of the following immigration and naturalization service consequences: You could be deported. You could be denied naturalization, or you could be denied re-admission to the United States after a temporary absence. [¶] Knowing of those possible immigration and naturalization service consequences, do you still want to leave your pleas – plea and admissions in effect?" Appellant responded, "Yeah." The court sentenced him to five years of probation.

On March 25, 2019, appellant filed a motion to withdraw his guilty plea pursuant to section 1473.7. He maintained that he was not adequately advised of the immigration consequences of his guilty plea. In a declaration accompanying his motion, appellant asserted that he would not have entered a plea had he known of these adverse immigration consequences. Neither the

2

motion nor declaration specified what those adverse immigration consequences were. The People opposed the motion, arguing that appellant had failed to show grounds for relief.[3]

Following a hearing, the trial court entered an order summarily denying the motion. This appeal followed.

## II. DISCUSSION

### A. *Applicable Legal Principles*

In 2016, the Legislature enacted section 1473.7 to make relief available "to certain immigrants who accepted pleas without understanding the immigration-related consequences of such decisions." (*People v. Vivar* (2021) 11 Cal.5th 510, 528 (*Vivar*).) Section 1473.7, subdivision (a)(1), provides in relevant part: "A person no longer imprisoned … may prosecute a motion to vacate a conviction … : [¶] (1) … [that] is legally invalid due to a prejudicial error damaging the moving party's ability to meaningfully understand, defend against, or knowingly accept the actual or potential adverse immigration consequences of a plea of guilty … ." (Assemb. Bill No. 813 (2015-2016 Reg. Sess.) §1.) To demonstrate prejudicial error under this provision, a former defendant must establish "a reasonable probability that the defendant would have rejected the plea if the defendant had correctly understood its actual or potential immigration consequences." (*Vivar, supra,* 11 Cal.5th 510 at p. 529.) The movant must also establish that the challenged conviction "is currently causing or has the potential to cause removal or the denial of an application for an immigration benefit, lawful status, or naturalization." (§ 1473.7, subd. (e)(1).)

---

[3] For reasons that are not apparent, the parties did not address appellant's status as a citizen of the United States, even though the probation and arrest reports reflect that appellant was born in Texas.

On appeal, we independently review section 1473.7 motion proceedings. (*Vivar, supra,* 11 Cal.5th at pp. 523-524.) " '[U]nder independent review, an appellate court exercises its independent judgment to determine whether the facts satisfy the rule of law.' [Citation.]" (*Id.* at p. 527.) Independent review is distinct from de novo review. When conducting an independent review of a judgment, "[a]n appellate court may not simply second-guess factual findings that are based on the trial court's own observations." (*Ibid.*) "Ultimately it is for the appellate court to decide, based on its independent judgment, whether the facts establish prejudice under section 1473.7." (*Id.* at p. 528.)

## B.     *Appellant Is Not Entitled to Relief*

Both on appeal and in the trial court, appellant has failed to specify what, if any, adverse immigration actions he is facing or may face in the future. A likely explanation for this omission is that, as the Attorney General observes, the record indicates that appellant is a natural born citizen of the United States.[4] Appellant's 1999 arrest report and the 2000 probation report both indicate that he was born in Texas in February 1942. According to the probation report, appellant's ability to communicate in English is limited as he was raised in Mexico. The uncontroverted evidence thus demonstrates that he is a citizen of the United States.

The Fourteenth Amendment of the United States Constitution provides, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside." "There are 'two sources of citizenship, and two only: birth and naturalization.' " *Miller v. Albright* (1998) 523 U.S. 420, 423 (quoting *United States v. Wong Kim Ark* (1898) 169 U.S. 649, 702). "Within

_____

[4] Appellant did not file a reply brief to contest the evidence supporting the Attorney General's position regarding his citizenship.

the former category, the Fourteenth Amendment of the Constitution guarantees that every person 'born in the United States, and subject to the jurisdiction thereof, becomes at once a citizen of the United States, and needs no naturalization.'" (*Ibid.*)

As a United States citizen by birth, even if the immigration advisements he received in 1999 were inadequate, an issue we do not decide, appellant suffered no prejudice. He was not misled or harmed by any purported defects in the immigration advisement he received because, as a matter of law, he cannot be subject to removal or other adverse immigration consequences. "Title 8 U.S.C. § 1101(a)(3) defines an alien as 'any person not a citizen or national of the United States.' In turn, 8 U.S.C. § 1101(a)(22) defines a 'national of the United States' as '(A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States.' Only aliens are removable. 8 U.S.C. § 1227 (identifying classes of removable aliens). Thus, if Petitioner is either a 'citizen ... of the United States' or a 'national of the United States,' he is not removable." (*Hughes v. Ashcroft* (9th Cir. 2001) 255 F.3d 752, 755-756.)

Appellant's status as a natural born citizen of the United States establishes beyond question that he was not entitled to vacatur of his conviction under section 1473.7. Raising such motion before the trial court, and pressing the same meritless claim here, borders on frivolous. Counsel is reminded of his duty "to employ only those means that are consistent with truth and never to seek to mislead [the court] 'by an artifice or false statement of fact or law.' (Bus. & Prof. Code, § 6068, subd. (d).)." (*Kleveland v. Siegel & Wolensky, LLP* (2013) 215 Cal.App.4th 534, 559.)

## III. DISPOSITION

The order is affirmed.

_____

SANCHEZ, J.

We concur.

_____

HUMES, P.J.

_____

BANKE, J.

(A161241)

7